Glenn S. Hackett, Esq. County Attorney, Niagara
You have asked whether a county real property appraisal technician has a conflict of interests in undertaking appraisal work as a private independent contractor within the county.
You have informed us that the real property appraisal technician gathers data for use by town assessors in determining the value of property for real property taxation purposes. The technician works in the county Real Property Tax Service Office, which provides advisory services to town assessors. Examples of the work of the technician include:
— preparation of scaled diagrams of structures;
— calculation of the area of structures;
— recording of the physical features of property;
— judgment of construction quality;
— pricing of structural components;
— estimation of depreciation;
— conduct of field inspections of real property; and
— review of deeds and other property records.
The position requires a working knowledge of modern principles and practices of real property appraisal for tax purposes.
You have informed us that the technician also does private sector appraisal work including the representation of persons challenging their assessments. This work is done within the county and thus within the assessing units where he exercises his official public functions.
The development of ethics standards to define when private employment is in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality (General Municipal Law, § 806 [1]). Governing bodies of a county, city, town, village and school district are required to adopt a code of ethics, which must include these and other standards (ibid.). A code of ethics may prohibit conduct in violation of ethics standards (ibid.). Local governments are authorized to establish boards of ethics, which render advisory opinions to local officers and employees concerning compliance with standards established by codes of ethics (id., § 808).
Thus, you should review your code of ethics to determine whether the private sector appraisal work is a violation of established standards. If standards are lacking, the county can consider amending the code or enacting a local law to regulate this area.
We will give you our view as to the propriety of the private sector interests. This individual may find himself in the position of rendering services to a private client in a grievance of an assessment before the board of assessment review, in an appeal to a hearing officer in a small claims proceeding or in a proceeding in the courts while also having provided services in his capacity as real property appraisal technician in the appraisal of the same property. This is an obvious conflict of interests. In our view, however, the conflicts extend beyond these circumstances. We believe that a technician may not also undertake private sector appraisal work involving the representation of persons challenging their assessments in assessing units wherein he exercises his official duties. The technician would have knowledge of and access to information and procedures used by town assessors in determining assessments of real property. Thus, unavoidably the individual's private appraisal work would permit him to use information acquired in the course of his official duties to further his personal interests. In our view, this is a clear violation of ethics standards (cf., Public Officers Law, § 74 [3] [c], [d]).
Further, we believe that this private sector employment tends to undermine the integrity of the real property tax assessment process. It calls into question whether the individual's official duties were exercised solely in the public interest or were clouded by private pecuniary concerns. An individual serving in these two capacities cannot remove public skepticism as to whether his motives were proper and actions solely in the public interest.
It is our view that a real property appraisal technician should not also undertake appraisal work in the private sector involving the rendering of services to persons challenging their assessments in assessing units wherein he exercises his official duties. The county may prohibit the technician from engaging in this private sector work utilizing its authority to enact a code of ethics or through use of its home rule powers (General Municipal Law, § 806; Municipal Home Rule Law, §10 [1] [ii] [a] [1]).
We conclude that it is a conflict of interests for a real property appraisal technician to undertake private sector appraisal work involving the representation of persons challenging their assessments in the assessing units wherein he exercises his official duties.